THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR18-0033-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ANTHONY BUSTOS, | |
| Defendant. | |

This matter comes before the Court on the Government's motion for an order of forfeiture (Dkt. No. 108) against Defendant Anthony Bustos. The Government seeks a judgment for a sum of money in the amount of $3,500, representing any property, real or personal, involved in the offense charged in count four of the indictment (Dkt. No. 1), or any property traceable to such property. (Dkt. No. 108.)

The Court, having reviewed the papers and pleadings filed in this matter, FINDS that entry of an order of forfeiture is appropriate because:

1) Defendant was charged by an indictment that included forfeiture allegations providing notice that the United States was seeking, pursuant to 18 U.S.C. § 982(a)(1), a judgment for a sum of money representing any property involved in the offense set forth in count four of the indictment (Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B) and (2) (Dkt. No. 1 at 4–5);

2) Pursuant to the plea agreement, Defendant agreed to forfeit his interest in the above-described judgment for a sum of money (Dkt. No. 87 at ¶ 11);

3) The evidence in the record, including information contained within the plea agreement, establishes the requisite nexus between the above-described sum of money and the offense of conviction, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B); and

4) No ancillary proceeding is required to the extent that the forfeiture consists of a judgment for a sum of money, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1).

For the foregoing reasons, the Government's motion for an order of forfeiture (Dkt. No. 108) is GRANTED. It is therefore ORDERED that:

1) Pursuant to 18 U.S.C. § 982(a)(1), Defendant's interest in the above-identified sum of money is fully and finally forfeited, in its entirety, to the United States;

2) No right, title, or interest in this sum of money exists in any party other than the United States;

3) Pursuant to Federal Rules of Criminal Procedure 32.2(b)(4)(A)–(B), this order will become final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

4) Pursuant to Federal Rule of Criminal Procedure 32.2(e), in order to satisfy this sum of money in whole or in part, the United States may move to amend this order, at any time, to substitute property having a value not to exceed $3,500; and

5) The Court will retain jurisdiction in this case for the purpose of enforcing this order.

//

//

//

1        DATED this 22nd day of January 2019.

                                        John C. Coughenour
                                        UNITED STATES DISTRICT JUDGE